IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Leonard McCray, | ) | Cr. No. 4:09-cr-00519-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| United States, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Before the Court is Petitioner Leonard McCray's *pro se* "Writ of Error Audita Querela" Title: 28 U.S.C. § 1651". (ECF No. 45). Petitioner entered a guilty plea on July 30, 2009 to felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), 924(a)(2) and 924(e). The Presentence Report (PSR) noted that Defendant is an armed career criminal based on two prior crimes of violence[1] and one prior controlled substance violation[2]. On November 4, 2009, this Court sentenced Petitioner to one-hundred eighty (180) months imprisonment followed by five (5) years of supervised release. Judgment was entered accordingly on November 9, 2009. No appeal was taken; nor did the petitioner file any petition pursuant to 28 U.S.C. Section 2255. Petitioner has now filed this petition seeking a writ of *audita querela*.

Petitioner requests the issuance of a writ of *audita querela* on the basis that one of his South Carolina state court convictions for assault and battery of a high and aggravated nature (ABHAN)

---

[1] Assault and Battery of a High and Aggravated Nature (02-GS-26-171), Horry County, South Carolina, for which he was sentenced to 4 years suspended upon 30 months, and Assault and Battery of a High and Aggravated Nature (08-GS-26-1523), Horry County, South Carolina, for which he was sentenced to a 90 day term.

[2] Distribution of powder cocaine (93-GS-28-517), Kershaw County, South Carolina, 15 years suspended on service of 3 years.

(Case No. 08-GS-26-1523) allegedly no longer qualifies as a violent felony under the Armed Career Criminal Act (ACCA), after *Johnson v. United States*, 559 U.S. 133 (2010). Secondly, he contends that this ABHAN conviction does not qualify as a violent crime because he only served 90 days, based on *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) and *United States v. Rodriguez*, 553 U.S. 377 (2008).[3] Finally, he contends that his prior conviction for distribution of powder cocaine is not a serious drug offense under 924(e) on the basis of *Simmons* and *Rodriguez*.

None of these grounds is appropriate for issuance of a writ of *audita querela*.

A writ of *audita querela* "is used to challenge a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition." *United States v. Sessoms*, 488 Fed. App'x 737 (4th Cir. 2012), citing *United States v. Torres*, 282 F.3d 1241, 1245 n. 6 (10th Cir. 2002). However, the writ is not available to a petitioner "when other avenues of relief are available, such as a motion to vacate under 28 U.S.C. § 2255. *Id*. "[A] federal prisoner may not challenge a conviction or sentence by way of a petition for a writ of *audita querela* when that challenge is cognizable under Section 2255 because, in such a case, there is no 'gap' to fill in the postconviction remedies." *United States v. Valdez-Pacheco*, 237 F.3d 1077,1080 (9th Cir. 2001), cited in *In Re: Watkins*, 223 Fed. Appx. 265 (4th Cir. 2007) and *Barber v. United States*, 60 Fed. Appx. 487 (4th Cir. 2003).

A federal prisoner may challenge the validity of his sentence pursuant to 28 U.S.C. § 2255. Petitioner has never filed a Section 2255 petition. He had the opportunity to file one on the basis of

---

[3] *Rodriguez* was decided May 19, 2008 and held that the maximum term of imprisonment prescribed by law for purposes of determining whether a prior offense qualified as a serious drug offense under ACCA was required to be determined with reference to applicable recidivist provisions for the prior offense. In *Carachuri–Rosendo v. Holder*, 130 S.Ct. 2577 (2010), the court explained that in *Rodriguez* it had "held that a recidivist finding could set the 'maximum term of imprisonment,' but only when the finding is a part of the record of conviction." *Id*. at 2587 n. 12.

*Johnson* but has not done so.[4] "A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs." *Valdez-Pacheco*, 237 F.3d at 1080. There is no gap in the petitioner's post-conviction remedies as to the first ground raised. Even though this ground has no merit, it could have been raised in a Section 2255 petition. Therefore, it is not a proper ground for a petition for writ of *audita querela*.

The second ground as to which Petitioner seeks a writ of *audita querela* is that this ABHAN conviction does not qualify as a violent crime because he only served 90 days, based on *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) and *United States v. Rodriguez*, 553 U.S. 377 (2008). This argument could have been raised in a proceeding pursuant to 28 U.S.C. § 2255[5]; therefore, it is not a proper ground for a petition for writ of *audita querela*.

The petitioner also contends that his prior conviction for distribution of powder cocaine is not a serious drug offense under 924(e) on the basis of *Simmons* and *Rodriguez*. This argument would also be cognizable under a timely filed Section 2255 petition. Therefore, there is no gap in the post-conviction relief available to the petitioner, and the motion for writ of *audita querela* is

---

[4] A 1-year limitation period applies to a motion pursuant to 28 U.S.C. Section 2255. The limitation period runs from the later of "(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution . . . is removed . . .; (3) the date on which the right asserted was initially recognized by the Supreme Court . . .; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. Section 2255(f).

[5] In *Simmons*, the Fourth Circuit relied upon *Carachuri-Rosendo v. Holder*, 130 S.Ct. 2577 (2010), which was issued on June 14, 2010. Therefore, any Section 2255 petition raising this argument should have been filed within one year of June 14, 2010. Moreover, the Supreme Court has not made *Carachuri-Rosendo* retroactive. In addition, the Court notes that *Simmons* would not apply to the petitioner because it concerned the North Carolina sentencing scheme. Petitioner's prior convictions were from the state of South Carolina.

denied.

Therefore, for the reasons stated, the petition for issuance of a writ of *audita querela* is

**DENIED**.

    **AND IT IS SO ORDERED**.

April 16, 2013                                                               s/R. Bryan Harwell
Florence, SC                                                            R. Bryan Harwell
                                                                                    United States District Judge